Nelson et al. v. Akeson.

## SWAIN NELSON ET AL.

### v.

## PEHT AKESON.

1.  TRYING CASES OUT OF ORDER—FIVE-DAY RULE.—The Practice Act provides a uniform practice in courts of record in respect to taking up and disposing of actions *ex contractu* out of their order on the docket, where there is no substantial defense.   The rule of the Superior Court, known as the five-day rule, establishing a different practice, is inconsistent with the general law, and therefore void.

2.  AMENDMENTS—PRACTICE.—Where a plaintiff had been allowed to amend his declaration so as to materially change the issues formed, it was error to refuse the defendants leave to file additional pleas, to meet the issues thus formed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Nelson et al. v. Akeson.

Mr. I. K. BOYESEN, for appellants; that the so-called "five-day rule" was contrary to the statute, cited Booth v. Storrs, 54 Ill. 472; Fisher v. Nat. Bank of Commerce, 73 Ill. 34; Griswold v. Shaw et al. 79 Ill. 449.

That granting a motion for a speedy trial, after such a motion had been overruled at a previous term, was in contravention of all rules of practice: Merrick v. Peru Coal Co. 79 Ill. 112.

As to right to file additional pleas after amendment of the declaration: Griswold v. Shaw et al. 79 Ill. 449; Misch v. McAlpine, 78 Ill. 507; Souerbry v. Fisher, 62 Ill. 135.

Upon the question of recoupment as a defense: Higgins v. Lee, 16 Ill. 495; Low v. Forbes, 14 Ill. 423; Babcock v. Trice, 18 Ill. 420; Blood v. Enos, 12 Vt. 625; Schuchman v. Knoebel, 27 Ill. 175.

Mr. HENRY DECKER, for appellees; contended that the court has power, for good and sufficient cause, to order a speedy trial, and cited Rev. Stat. 777; Smith v. Third Nat. Bank, 79 Ill. 118; Titsworth v. Hyde, 54 Ill. 386; Wallbaum v. Haskin, 49 Ill. 313.

Upon the question of amendment: 1 Chit. Pl. 598; Brown v. Feeter, 7 Wend. 301; Beard v. VanWinkle, 3 Cow. 335; Ruler v. Bortim, 12 Wend. 110.

That leave to file additional pleas is discretionary, Haas v. Stenger, 75 Ill. 597; Misch v. McAlpine, 78 Ill. 507; Millikin v. Jones, 77 Ill. 372.

That additional pleas were unnecessary to enable appellant to show facts tending to establish a recoupment, Murray v. Carlin, 67 Ill. 286; Higgins v. Lee, 16 Ill. 495.

That the affidavit offered by appellant failed to show a good defense, Rev. Stat. 719; Laforge v. Matthews, 68 Ill. 328; Honeyman v. Jarvis, 64 Ill. 366; Hall v. Marks, 56 Ill. 125; Hough v. Gage, 74 Ill. 257; Evans v. School Com'rs, etc. 1 Gilm. 654; Sims v. Klein, Breese, 371; Purkett v. Gregory, 2 Scam. 44; Kinney v. Turner, 15 Ill. 182; Peck v. Brewer, 48 Ill. 54; Burroughs v. Clanscy, 53 Ill. 30.

MURPHY, P. J. This was an action of assumpsit, com-

menced in the Superior Court of Cook county by the appellee, against the appellants. The declaration counts specially on two promissory notes, for the sum of three hundred dollars each, and contained the common counts, for work and labor, goods sold, etc. The trial of said cause in the court below resulted in a judgment against appellants, from which they prayed an appeal to this court, and ask the reversal of said judgment, and assign several errors, the first and third of which will be all that will be necessary for us to consider. The first assignment of error is, the Superior Court erred in ordering said cause to a trial under said rule, known as the five-day rule, because said rule is contrary to the Practice Act, and null and void, and because said motion for speedy trial out of the order of said cause on the docket, and before it had been placed on the trial calendar of said court, had already been made and overruled at the September term of said court, and the court had no power to allow said subsequent motion made at the October term.

Third. The court erred in refusing defendant. leave to file additional pleas.

It appears that one of the rules of practice of that court is as follows:

" Ordered: That in any case *ex contractu*, pending on an issue or issues of fact only, or only requiring the *similiter* to be added, if the plaintiff, or an attorney or agent of the plaintiff, shall make an affidavit that he or she believes that the defense is made only for delay, the plaintiff, by giving the defendant's attorney, or the defendant, if he or she do not appear by attorney, five days' previous notice, with a copy of such affidavit, that the plaintiff will bring on said case for trial at the opening of court on a day to be specified in such notice, or as soon thereafter as the court will try the same, may proceed to a trial at the time specified in said notice, unless it shall be made to appear to the court, by affidavit of facts in detail, that the defense is made in good faith, when the case will remain to be tried in its regular order on the trial calendar."

The first assignment of error involves the validity of this rule, judged of by the Constitution and laws of this State, regulating the practice in courts of record.

In pursuance of section 29, Art. 6, of the present Constitution, the legislature enacted a general law to regulate the practice in courts of record, in force July first, 1872, R. S. of 1874, page 774.

By the 15th section of that act, the clerks are required to keep a docket of all causes pending in their respective courts, and in docketing civil cases shall set them down in the order of the date of their commencement, and by the 17th section, it is provided that " all causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct." The 37th section is: " If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the *nature* of his demand, and the amount due him from the defendant, after allowing the defendant all his just credits, deductions and sett-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, his agent, or his attorney, if the defendant is a resident of the county in which suit is brought, shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit upon the merits to the whole, or a portion of the plaintiff's demand, and if a portion, specifying the amount, according to the best of his judgment and belief, upon good cause shown, the time for filing such affidavit may be extended for such reasonable time as the court shall order. No affidavit of merits need be filed with a demurrer, plea in abatement or motion, provided that if the plaintiff, his agent or attorney, shall file an affidavit stating that affiant is taken by surprise by such plea and affidavit of merits; that he believes that plaintiff has testimony to support his claim against the defendant, which he cannot produce at that term of court, but expects to produce by the next term, the court shall continue such cause until the next term."

These sections of the statute provide a uniform practice in courts of record, in respect to the taking up and disposing of actions *ex contractu* out of their order on the docket, when there is no substantial defense. It will be seen that the rule of practice in the Superior Court known as the five-day rule,

Nelson et al. v. Akeson.

above given, establishes a different practice from that provided by the statute for courts of record in this State.

In the case of Fisher v. National Bank of Commerce, 73 Ill. 37, the Supreme Court say that "if the plaintiff believes there is no valid defense to his claim, and desires a speedy judgment under the statute, he must file an affidavit with his declaration, showing the nature of his demand and the amount due him from the defendant, after allowing all his just credits, deductions and set-offs, if any; but under the rule of the Superior Court, he is simply required to make an affidavit that he believes the defense is made only for delay, and the defendant in such case, to entitle himself to a trial under the statute, is only required to file an affidavit with his pleas, stating that he verily believes that he has a good defense to the suit upon the merits, while under the rule of the Superior Court he is compelled to make it appear to the Court by affidavit of facts in detail, that the defense is in good faith. The practice being regulated by law, must, under the Constitution, be uniform; and from whatever source the Superior Court may have assumed to derive its authority to adopt the rule, inasmuch as it is inconsistent with the general law, it is void and of no effect.

It appears also that the appellee was allowed to amend his declaration by entering a *nolle prosequi* as to the account sued on, dismissing out of court all his cause of action founded upon open account, thus making a material change in the issues theretofore formed; and thereupon appellants asked leave to file additional pleas, which the court denied; the pleas proposed to be filed were for the purpose of setting up fraud as to $200.00 of the consideration of said promissory notes. After the appellee was allowed to materially change his declaration, we think appellants had the right to plead to the declaration as thus changed.

Under the statutes, as thus interpreted by the Supreme Court, we think it clear that for the court to take up and try this case out of its order, on the trial calendar, after appellants had filed the affidavit of merits required by the statute, was error. We also think to refuse appellants the leave to file additional pleas to the appellee's declaration, after discontinuing his case as to

the account sued on was also error.    For these errors the judgment is reversed and the cause remanded.

Judgment reversed.